**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Indictment No.: 13-CR-477-TWT-01 |
| vs. | ) **SENTENCING MEMORANDUM** |
| JAE JUN BAE, | ) |
| Defendant. | ) |

COMES NOW, the Defendant, Jae Bae, by and through his attorneys of record, and files this memorandum in support of his sentencing position. Mr. Bae hereby moves this Honorable Court for a downward departure and/or a variance below his otherwise advisory guideline imprisonment range and in support of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2).

**INTRODUCTION**

Defendant Jae Bae executed a plea agreement in the present matter in which he pled guilty to Count One of the indictment, a violation of 18 U.S.C. § 1343.The offense conduct is set forth in the Presentence Investigation Report (hereinafter referred to as "PSR").

On June 16, 2014, counsel for defendant Bae received the initial disclosed PSR. The probation officer calculated the defendant's total offense level at Level 19 with a criminal history category of I, resulting in a guideline sentencing range of 30 to 37 months.

Defendant Bae respectfully requests that this Court calculate the guidelines under U.S.S.G. § 2B1.1, not apply the cross-reference under U.S.S.G. § 2B1.1(c)(3), and not impose an upward adjustment for more than one bribe pursuant to U.S.S.G. § 2C1.1(b)(1). Further, the defendant requests that the Court consider a below-guideline variance based on: (1) more egregious violations

of the statute being given lesser sentences across the country, (2) the specifics and background of the offense, and (3) Mr. Bae's exemplary personal history as indicated by his actions throughout his life and from the support from his family and community.

## LEGAL ANALYSIS

As this Court is fully aware, the United States Supreme Court made the sentencing guidelines advisory by invalidating the statutory provision that otherwise makes them mandatory (18 U.S.C. § 3553(b)) and severing the provision from the remainder of the statute. See United States vs. Booker, 543 U.S. 220 (2005).

The Court is directed to look to certain factors in determining a sentence under 18 U.S.C. § 3553(a). Some of those factors include the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)), the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553 (a)(2)(A) and (B)), and the need to avoid unwarranted sentence disparities among similarly situated defendants (18 U.S.C. § 3553(a)(6)).

As stated above, the PSR calculates the guideline offense level as 19. In order to arrive at that number the report looks to the cross-reference stated at U.S.S.G. § 2B1.1(c)(3) and then applies the guideline calculations under the bribery guideline, 2C1.1. Defendant Bae requests that the Court consider the offense to which he plead, wire fraud in violation of 18 U.S.C. § 1343 and apply the guideline calculations under that section. The specific offense conduct under Count 1, the count of conviction, was an e-mail communication between the defendant and an undercover officer. The count itself does not include any physical exchange of money or other items of value.

Defendant Bae also requests that if the Court finds that the proper guideline calculations are found under 2C1.1, that it not apply the 2-level increase found under 2C1.1(b)(1) for cases involving more than one bribe. The actions contemplated in that calculation, the attempted payment of an envelope containing cash to a city councilwoman and the payment of money to the undercover officer were all part of the same bribe. The goal of having the defendant's property re-zoned was the same; it was the officer who suggested that the payments should go through him instead. The Application Notes for 2C1.1 state under Note 2, "[r]elated payments that, in essence, constitute a single act of bribery or extortion (e.g. a number of installment payments for a single action) are to be treated as a single bribe or extortion, even if charged as separate counts." Although it took place over a number of dates, the bribes alleged all constituted one continuous offense.

**A. 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2)(C): The Personal History and Characteristics of Defendant Bae and His Lack of Criminal History and Propensity.**

Some of defendant Bae's personal history has been documented in the PSR provided to the Court. Jae Jun Bae was born in Seoul, South Korea. He is the only child to his parents and as per cultural expectations, assumed their care as he reached adulthood. His parents immigrated to the United States when he began serving in the Korean Army. Instead of joining them right away, he completed his military service where he specialized in photography.

When he first came to the United States, he pursued a career in oriental medicine which is his passion. He traveled to Los Angeles, California to attend a Master's Degree program in the field and completed his studies. He had planned to work in this field, but it quickly became apparent that his parents were struggling to adapt and thrive in the United States on their own. Neither his mother nor his father can speak English and both suffer from health problems which further their difficulties with

daily work. As a completely devoted son, he left behind his own career and began helping them with their business selling wholesale lingerie. His parents became completely reliant on his help as they could not communicate with customers or suppliers or move boxes of product in the store. Defendant Bae, himself, speaks very limited English.

Outside of his work, Mr. Bae is a deeply religious man who is active and known in the Korean-American community. He regularly attends and is highly involved in a Christian church, the Norcross Korean Church; however, his mother is a practicing Buddhist and he brings her to her temple every week where he has also become involved. For many years he volunteered at the Youth Center of the Korean Association of Georgia where he organized activities for the children, including sports, SAT study courses and other cultural events. He volunteers multiple times every month at homeless shelters, bringing and serving food, and also provides transportation to seniors. Every week at the Buddhist temple, Tonghwa Sa, he puts his training in oriental medicine to use by providing free dietary advice and acupuncture to seniors and others undergoing difficulties with their health[1].

Mr. Bae has absolutely no criminal history and the current offense occurred due to such unique circumstances (which will be further discussed below) that there is no need for his sentence to prevent any future crimes by this defendant.

**B.  18 U.S.C. § 3553(a)(1): The Nature and Circumstances of the Offense.**

Mr. Bae does not contest the summary of the offense that has been provided to the Court in the PSR. He purchased the building that was at the center of the offense along with his parents in 2011. At the time of the purchase he had made numerous attempts to confirm that the property could be zoned for wholesale use as that was their intended business. Mr. Bae met with a real estate agent and

with individuals at Doraville City Hall (accompanied by an attorney) that communicated to him that obtaining the proper permit would be no problem. Relying on that advice, he purchased the property. Shortly after, he was informed that advice was incorrect and it would be a more in-depth process of appealing to the City Counsel in order to re-zone the property.

Despite the setback in starting the business, Mr. Bae continued to pursue legal means to obtain wholesale zoning. He hired law firms and a specialized consultant who promised him that they could convince the City Council to approve the change. The proper requests were made and denied. He even attempted to sell the property, but was unable to find a buyer. When everything failed and he felt that he was at the end of his rope, fearing the financial devastation of his family, he made the choices that are the basis of his charges.

### C. 18 U.S.C. § 3553(a)(6): Recent Bribery Cases Across the Country.

In order to prevent sentencing disparities among similarly situated defendants, 18 U.S.C. § 3553(a)(6) instructs the Court to consider sentences given in other cases. Upon review of the Department of Justice's own press releases[2] and other news sources, many cases with more aggravating circumstances were given substantially lesser sentences in the last two years. For example:

1. In December, 2013, in the Middle District of North Carolina, defendant Rashonda Cross was sentenced to 3 years of probation with 45 days of intermittent confinement for her role as a correctional officer in a bribery scheme where inmates paid officers to smuggle contraband such as cell phones and cigarettes into the Rivers Correctional Institution. The

---

[1] These activities are additionally discussed in the numerous letters of support that have been previously provided to the Court.
[2] www.usdoj.gov/oig/press, www.usdoj.gov/usao/gan/press

defendant in this case abused a position of trust and authority and endangered both inmates and the public with her participation in this scheme.

2. In November, 2013, in the Northern District of West Virginia, defendant Jason Squires was sentenced to 18 months in prison and defendant Nikole Watkins was sentenced to 12 months in prison upon a conviction of "Conspiracy to Commit Bribery of a Public Official and Bribery of a Public Official". Defendant Squires was a correctional officer who, along with his co-defendant, smuggled cigarettes into FCI Gilmer in exchange for payment from outside sources. This case has the same circumstances in aggravation as above.

3. In August, 2013, in the Southern District of Texas, defendant April Carson was sentenced to 18 months in prison upon her bribery conviction. Defendant Carson was a Texas Department of Criminal Justice parole officer and accepted bribes from her parolees in exchange for allowing them certain freedoms. She also abused a position of trust and put the public in danger with her actions.

4. In January, 2013, in the Middle District of Pennsylvania, defendant Anthony Gibbs was sentenced to 15 months in prison and defendant Kimberly Lykon was sentenced to 5 months in prison for a prison bribes-for-contraband scheme. Defendant Gibbs was an inmate at USP-Canaan and therefore, presumably, had a criminal history that the Court considered in determining his sentence.

5. In November, 2013 in the Northern District of Ohio, defendant Anthony Sinagra was sentenced to 18 months in prison. The defendant was a former mayor and state senator who was convicted of taking numerous bribes related to his consulting work with a

halfway house and city schools. This case involved a sophisticated scheme of accepting bribes and defrauding tax payers of his honest work.

6. In August, 2013, in the Northern District of Georgia, defendant Mark Gary was sentenced to two years in prison. The defendant was a businessman who worked to secure the election of a Gwinnett County Commissioner. Following her election, the defendant was appointed to the County Planning Commission and used both of their positions, in addition to paying the Commissioner substantial bribes to have a proposal that he had a personal stake in approved. This case involved a lengthy and sophisticated scheme.

7. In July, 2014 in the Western District of Texas, defendants Francisco Colorado Jr. and Ramon Flores were sentenced to one year and one day in prison. They were convicted of attempting to bribe a U.S. District Judge who was presiding over a case involving the Zetas Mexican drug cartel. They were attempting to secure leniency for a defendant who was a member of one of the most dangerous criminal organizations in the world.

The above examples are included to illustrate that the sentence recommended in the PSR would be disproportionate to the conduct in this case as compared to similarly situated defendants who received far lesser sentences in more egregious cases.

**D.  Defendant Bae's Ability to Pay a Fine**

The PSR recommends that a fine be assessed between $6,000 and $60,000. Presumably, due to the fact that defendant Bae's monthly expenses far exceed his income, the report bases the conclusion that he is able to pay such a fine on his ownership of three properties. One located in Duluth, GA and two in South Korea. However, all of these properties are jointly owned with his parents who are completely dependent on them as assets following the downfall of their business.

Defendant Bae has almost no assets owned apart from his family and therefore, is unable to pay a fine in this case.

## Conclusion

Based on the above, defendant Bae respectfully requests that the Court depart from the guidelines and sentence him to a period of probation. If the Court finds that confinement is proper, that he be allowed to serve that time in home detention. Defendant Bae is a permanent resident alien who is subject to deportation as a result of his conviction for this offense. In contemplation of deportation, defendant Bae has entered into a stipulation with the Government asking the Court for his immediate and voluntary removal.

Respectfully submitted,

s/Drew Findling
Drew Findling
Georgia Bar No. 260425

s/Marissa Goldberg
Marissa Goldberg
Georgia Bar No. 672798

The Findling Law Firm
One Securities Centre
3490 Piedmont Road
Suite 600
Atlanta, Georgia 30305
404.460.4500

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| STATE OF GEORGIA, ) | Indictment No.: 13-CR-477-TWT-01 |
| )  vs. ) | |
| ) JAE JUN BAE, ) | |
| ) Defendant. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of the within and foregoing Motion:

SENTENCING MEMORANDUM

By electronic service:

    Jeffrey W. Davis
    Erin Sanders
    U.S. Attorney's Office-ATL
    600 U.S. Courthouse
    75 Spring Street, S.W.
    Atlanta, GA 30303
    404-581-6000

This 25th day of July, 2014

                        Respectfully Submitted,

                        s/Drew Findling
                        Drew Findling
                        Georgia Bar No. 260425